IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith A. Davis, ) | |
| ) | Cr. No. 3:11-512 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Keith A. Davis is a federal inmate currently housed at FCI-Edgefield in Edgefield, South Carolina. On September 23, 2013, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Respondent United States of America (the "government") filed a response in opposition to Movant's motion and a motion for summary judgment on November 6, 2013. By order filed November 7, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to the government's motion on December 13, 2014. Movant also filed a motion to amend his response on January 21, 2014, as well as a motion for leave to supplement his § 2255 motion on February 21, 2014. Movant's motions to amend (ECF No. 157) and to supplement (ECF No. 159) are **granted**. The court has considered all of Movant's filings.

I. FACTS AND PROCEDURAL HISTORY

On March 12, 2008, Russell Bantz with the Richland County, South Carolina, Sheriff's Department observed a vehicle fail to stop at a red signal light. Movant was the driver of the vehicle. Bantz initiated a traffic stop. Based on an odor of marijuana and his observation of what appeared

to be marijuana behind the driver's seat of the vehicle, Bantz arrested Movant. A search of Movant's vehicle resulted in the seizure of 4.13 grams of marijuana, 49.66 grams of cocaine powder, and 23.10 grams of cocaine base. Bantz charged Movant with state law offenses of trafficking cocaine, first offense; trafficking crack cocaine, first offense; and manufacture/possession of other Schedule I, II, III schedule with intent to distribute. Movant was released on bond on March 12, 2008. The charges were dismissed at a preliminary hearing on April 18, 2008.

It appears the Richland County Solicitor's Office then presented an indictment to a state grand jury, which true billed the indictment. Movant was sent a notice to appear at the Richland County Judicial Center on October 26, 2010. Movant failed to appear, and the Honorable G. Thomas Cooper, Jr. issued a bench warrant. The bench warrant was executed by members of the Richland County Sheriff's Department's Fugitive Task Force on December 17, 2010, at a motel room occupied by Movant. In addition, a search warrant was obtained that resulted in the seizure of 179.68 grams of cocaine base and 2.80 grams of cocaine powder. ECF Nos. 40, 46. Movant was charged with state law offenses of trafficking cocaine/100 grams or more, less than 200 grams; trafficking cocaine/100 grams or more, less than 200 grams; and simple possession of marijuana. Movant was released on bond on February 3, 2011.

Movant was indicted by a federal grand jury on April 20, 2011.[1] Movant was charged with possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 841(b)(1)(D) (Count 1). Count 1 was based on the controlled substances seized on March 12, 2008. Movant also was charged with

---

[1] The federal indictment came about as the result of statements made by defendants in other federal drug investigations that incriminated Movant.

possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 2). Count 2 was based on the controlled substances seized on December 17, 2010. A warrant was issued for Movant's arrest on April 20, 2011.

On June 2, 2011, Deputy S. Aull of the Richland County Sheriff's Department attempted to conduct a traffic stop on a vehicle driven by Movant. Movant led members of the Sheriff's Department on a short chase on Interstate 26 and Interstate 20 in Columbia, South Carolina. Movant ultimately stopped and was arrested for failure to stop for a blue light. Movant was in possession of approximately $2,875.00 in cash and 0.34 grams of cocaine base. Movant was charged with state law offenses of possession with intent to distribute crack cocaine; failure to stop for blue lights; driving under suspension - 1st; no turn signal; and failure to surrender suspended license. Movant was held at the Alvin S. Glenn Detention Center in Columbia, South Carolina, where he was arrested on his federal warrant on June 29, 2011. Movant was arraigned before a United States Magistrate Judge on June 29, 2011 and ordered detained. Movant was appointed a federal public defender. However, by order filed July 7, 2011, the Magistrate Judge found a conflict existed with respect to the federal public defender's representation. New counsel ("trial counsel") was appointed on July7, 2011. On August 12, 2011, the government filed an Information pursuant to 21 U.S.C. § 851, notifying Movant that he was subject to increased penalties based upon state court drug convictions in 1992, 1995, 1997, 2005, and 2007. ECF No. 28.

On November 17, 2011, Movant, through trial counsel, moved to suppress the evidence obtained during the search of the motel room December 17, 2010. Movant contended that the bench warrant was unlawful because he had not received notice of the October 26, 2010 court appearance.

The court held a hearing on December 22, 2011. Evidence presented by Movant demonstrated that the notice mailed to Movant had been returned to the Solicitor's Office as undeliverable. The dispositive question became whether Movant falsified his address when released on bond after his March 12, 2008 arrest, or whether a scrivener's error caused the notice to be misdirected. The court held a ruling in abeyance to receive additional evidence. On January 27, 2012, the government moved to dismiss Count 2 of the indictment in the interest of justice.[2] ECF No. 60. The court found Movant's motion to suppress to be moot and granted the government's motion to dismiss by order entered January 27, 2012.

On February 1, 2012, Movant, through trial counsel, filed a motion to suppress evidence and a motion to dismiss Count 1 of the indictment. ECF Nos. 64, 65. Both motions related to the destruction by the Richland County, South Carolina, Sheriff's Department of marijuana, cocaine powder, and cocaine base seized subsequent to the traffic stop on March 12, 2008. The government filed a response in opposition to Movant's motion to suppress on February 6, 2012.

On February 22, 2012, a superseding indictment was filed that charged Movant with possession with intent to distribute a quantity of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count 1); and possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 3). Count 3 was based on the conduct that led to Movant's arrest on June 11, 2011.

The court held a hearing on March 20, 2012 with respect to Movant's motion to suppress.

---

[2] Count 1 of the indictment charged "5 grams or more of cocaine base," the pre-Fair Sentencing Act threshold quantity, while Count 2 charged "28 grams or more of cocaine base," the post-Fair Sentencing Act threshold quantity, both as violations of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

The government called Officer Russell Bantz[3] to the stand. Transcript of Motion Hearing, ECF No. 148, 3. Officer Bantz had been employed with the Richland County, South Carolina, Sheriff's Department on March 12, 2008. Id. at 4-5. Bantz testified that he was in a marked patrol car equipped with audio and video surveillance equipment when he observed a white pickup truck run a stop light around 2:00 a.m. Id. at 5-6. Bantz pulled behind the white pickup truck and noticed an odor of marijuana. Id. at 7. Bantz performed a traffic stop based on the traffic violation. Id. Bantz noticed two occupants of the vehicle, one in the driver's side, and the other in the front passenger's seat. Id. at 8. Bantz testified that he approached the vehicle and looked into the back window, where he could see clear plastic individual baggies of a green leafy substance on the floorboard behind the driver's seat. Id. Bantz testified he could smell a strong odor of marijuana. Id. at 9. Bantz placed Movant under arrest and secured him in the back seat of Bantz's patrol vehicle. However, the passenger fled the scene. Id. at 9-10. Bantz testified that he searched Movant's truck and obtained three plastic bags of a green leafy substance. He also located under the back seat a clear plastic bag of a white powder substance, a clear plastic bag of a white rock-like substance, and another bag of a green leafy substance. Id. at 10-11. According to Bantz, he placed all the items into Richland County evidence bags and ultimately placed them into an evidence locker at the Richland County Sheriff's Department. Id. at 11, 14. In addition, a videotape of the incident was recorded from Bantz's vehicle. Id. at 16.

      Bantz testified that about a year later, he signed off on a destruction authorization after checking a data base that indicated the charges against Movant had been disposed of. Id. at 15. Also after about a year, Bantz checked to see if the charges against Movant had been disposed of.

---

[3] Bantz is denominated as "Vance" in the transcript of the suppression hearing.

5

Thereafter, the recording was destroyed, and the tape was placed back into circulation for the patrol unit. Id. at 16.

On cross-examination, Bantz admitted that the incident report prepared at the time of the arrest indicated that he saw one plastic bag when he approached Movant's vehicle. Id. at 22. Bantz offered no reason for the discrepancy. Id. Bantz testified that Movant's arrest would have been recorded on the videotape. Id. Bantz testified that, upon placing Movant into his patrol car, he asked Movant if there was anything else in Movant's vehicle Bantz needed to know about. Id. at 24. Movant said "no," and that was the extent of Bantz's conversation with Movant about the contents of the truck. Id. at 25. Bantz conceded that the incident report indicated Movant had claimed ownership of the substances in the vehicle. However, according to Bantz, Movant made the statement after the vehicle search. Id. Bantz testified that the substances found in Movant's car were placed on the hood of the patrol car and would have been visible on the videotape that was recording from the patrol car. Id. at 28. Bantz testified that he did not talk to anyone in the Richland County solicitor's office or to Movant's defense attorney to determine whether the substances located in Movant's vehicle should be destroyed. Id. at 32.

The government next called to testify Tina Goff, evidence technician for the Richland County Sheriff's Department. Id. at 34. Goff testified as to the procedures for sealing evidence properly in an evidence bag. Id. at 36. The evidence then is tracked through an electronic data system. Id. at 39. Goff testified that the items collected by Bantz were assigned case number .1, three clear bags of green plant material; case number .2, clear plastic bag containing white powder; case number .3, clear plastic bag containing white rocks; and case number .4, $1,054 belonging to Movant. Id. at 42. The charges had been documented on front of the evidence bag as "narcotic, cocaine possession."

Id. at 42-43. Goff testified that case number .1 was destroyed on February 27, 2009; case number .2 was destroyed on October 6, 2010; case number .3 was destroyed on October 6, 2010. Id. at 44. Goff testified that the items were destroyed in accordance with a retention policy that governed how long evidence was required to be maintained. Id. at 45-46. According to Goff, review letters are issued to the case agent to authorize destruction after the retention period expires. Id. at 47-48.

On cross-examination, Goff admitted that the chain of custody documents did not reflect that the chemical analysis was certified by Demi Garvin of the Sheriff's Department. Id. 52. Goff also testified that she was unaware Movant originally had been charged with possession with intent to distribute marijuana, which had a three-year retention period. Id. at 53. In addition, possession with intent to distribute cocaine and possession with intent to distribute cocaine base require a three-year retention period. Id. at 54. Goff agreed the substances had been destroyed prior to the retention schedule called for in the Richland County Sheriff's Department policy. Goff testified, however, that the evidence bag did not indicate a possession with intent to distribute charge. Id. at 55. Goff testified that she could not state under oath what was written on the evidence bag, because the bag had been destroyed. Id. Goff testified that it was not the duty of persons in the evidence room to contact the solicitor's office or defense counsel prior to destroying evidence. Id. at 56. After Goff's testimony, the court noted that there was some discrepancy as to whether the evidence seized from Movant included three bags or four bags of marijuana. Id. at 60.

Trial counsel for Movant recalled Bantz to the stand. Bantz testified that it was his practice to place the name of the suspected controlled substance in the "charges" box of the evidence bag. Id. at 63. Bantz testified that he did not realize at the time that merely placing the name of the controlled substance in the box left open to interpretation the criminal charges to be brought against

the person in possession of the substance. Id.

Relying on California v. Trombetta, 67 U.S. 479 (1984); Arizona v. Youngblood, 488 U.S. 51 (1988); United States v. Fridie, 442 F. App'x 839 (4th Cir. 2011); and United States v. Matthew, 373 F. App'x 386 (4th Cir. 2010), the court determined that Bantz possessed probable cause to conduct a traffic stop and to search the vehicle for drugs. The court further determined that there was no bad faith on the part of Bantz with respect to the destruction of the videotape and the controlled substances seized on March 12, 2008. Accordingly, the court denied Movant's motion to suppress and his motion to dismiss. ECF No. 148, 77-80.

On May 24, 2012, Movant executed a plea agreement in which he pleaded guilty to Count 1 of the superseding indictment. Among other things, Movant stipulated in the plea agreement that he had at least one prior felony drug conviction that had become final and that the government had filed an Information pursuant to 21 U.S.C. § 851. ECF No. 99, ¶ 11. The parties agreed that, if Movant complied with all the terms of the plea agreement, the appropriate disposition of the case would be a sentence of 180 months incarceration. Id. ¶ 14. Movant waived his rights to contest his conviction or sentence in any direct appeal or post-conviction action, including any proceedings under 28 U.S.C. § 2255. The waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. In addition, Movant reserved the right to appeal the court's decision regarding Movant's motion to dismiss based on the destruction of evidence issues. Id. ¶ 16. The court accepted Movant's change of plea on May 30, 2012.

On June 6, 2012, trial counsel requested a status hearing regarding his representation of Movant. A hearing was held on June 19, 2012, after which trial counsel was relieved and another

attorney ("second counsel") was appointed to represent Movant.[4]

A presentence investigation report was prepared by the United States Probation Office (USPO). Movant was held accountable for 4.13 grams of marijuana, 8,000 grams of cocaine, and 53.44 grams of cocaine base, for a total marijuana equivalent of 1,790.8 kilograms. Movant's base offense level was 32. Movant was determined to be a career offender based upon predicate drug offenses in 1991, 1995, and 2003. Accordingly, his offense level became 34. See U.S.S.G. § 4B1.1(b)(2). Movant received a three level reduction for acceptance of responsibility, for a total offense level of 31. As a career offender, Movant's criminal history category was VI. See U.S.S.G § 4B1.1(b). Movant's range under the United States Sentencing Guidelines was 188 to 235 months incarceration. In accordance with the plea agreement, however, Movant was sentenced on September 27, 2012, to 180 months incarceration. Judgment was entered on October 1, 2012. The within § 2255 motion was timely filed on September 23, 2013.

Movant asserts the following grounds for relief:

GROUND ONE: My counsel failed to investigate as to and inform me of a constitutional claim before considering plea bargain or entering my guilty plea. All the physical evidence in my case had been destroyed and a hearing was held to determine the destruction of the evidence issues. In response to the assertion of probable cause for the traffic stop, the affiant . . . gave testimony which disclosed a contradiction in the assertions in his affidavits he had written on the night of the traffic stop. My attorney . . . failed to investigate and discover this contradiction before considering a plea bargain or entering a plea of guilty on my behalf.

GROUND TWO: My counsel failed to object to prosecutorial misconduct. During the hearing held on March 20, 2012, the prosecutor failed to disclose and correct the false statements that were elicited from the government witness. 1. Statements were false because they were contrary to the assertions that the affiant had written in his affidavits. 2. Statements were relevant to the material issue of probable cause. 3.

---

[4] On September 27, 2012, an amended plea agreement was filed in which a scrivener's error was corrected.

> The prosecutor reasonably should have known the statements were false due to fact that the incident reports were being read from during cross-examination of the witness at pretrial hearing.
>
> GROUND THREE: My counsel knew about the misrepresentations but erroneously advised me that to challenge the testimony would be frivolous. The false statements that were disclosed by the hearing could have discredited or impeached the assertions because there existed several other options that were procured by the false statements. It would not have been frivolous to further challenge the testimony because the constitutional requirements for a warrant were still in question if I had not pleaded guilty. This erroneous advi[c]e was a major reason why I pleaded guilty. His advi[c]e amongst other relevant factors.
>
> GROUND FOUR: My guilty plea was involuntarily made because my newly appointed federal public defender . . . erroneously advised me to plea. [He] failed to investigate and discover contradictions disclosed at the hearing before allowing me to plea. If he would have discovered this potentially exculpatory evidence he could have changed his recommendation to plea because this evidence could have discredited or impeached the affiant's assertions made on the material issue of probable cause. His advice did not represent a voluntary and intelligent choice among the alternative courses of action that were open to me at the time he allowed me to plea.

ECF No. 139, 4-8.

> In his supplement to his § 2255 motion, Movant alleges:
>
> 1. [C]ounsel was ineffective for not objecting to the dismissal without prejudice [of Count 2] because he left [Movant] subjected to future prosecution on evidence which should have been suppressed.
>
> 2. Counsel was also ineffective for not objecting to the super[s]eding indictment.
>
> 3. Counsel was also ineffective for not requesting that the judge render her decision on the meritorious claims that were established at the suppression hearing that was held on December 21 *[sic]*, 2011.

ECF No. 159, 6.

10

II. DISCUSSION

Movant argues he received ineffective assistance of counsel, in violation of his rights under the Sixth Amendment. To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial. "A guilty plea is constitutionally valid if it represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." United States v. Roberts, 426 F. App'x 195, 196 (4th Cir. 2011) (quoting United States v. Moussaoui, 491 F.3d 263, 278 (4th Cir. 2010)) (internal quotation marks omitted).

A.  Motion Under § 2255 (ECF No. 139)

    1.  Failure to investigate inconsistent testimony (Ground One). Movant contends Bantz

testified that he initiated the traffic stop because he smelled marijuana coming from the vehicle, which was contrary to the incident report that referred to a traffic violation observed by Bantz, after which he smelled marijuana coming from the vehicle. As an initial matter, Bantz testified consistently with the incident report that he observed Movant's vehicle run a stop light. Tr. at 6. Bantz did provide inconsistent testimony in that he testified that he could see clear plastic individual baggies of a green leafy substance on the floorboard behind the driver's seat when he approached the vehicle after the vehicle was stopped. Id. at 8. This testimony was different from the incident report, which referred to "a small clear plastic bag with a green leafy substance in it." See 140, 1. Trial counsel fully cross-examined Bantz as to his testimony on this matter as well as other statements he made regarding the traffic stop. Further, trial counsel strongly argued at the conclusion of all the testimony that Bantz and others in the Richland County Sheriff's Department did not act in good faith in destroying the evidence, and that Movant was deprived of evidence that could have been crucial in mounting a defense. Tr. at 69-70. Trial counsel's conduct was well within the wide range of professionally competent assistance. Movant's Ground One is without merit.

    2.    <u>Failure to object to prosecutorial misconduct</u> (Ground Two). Movant contends trial counsel was ineffective for not objecting to the government's "add[ing] case law that bolstered [Bantz's] new claim for probable cause." ECF No. 139-1, 7. However, as set forth hereinabove, Bantz did not provide inconsistent testimony regarding the reason he initiated a traffic stop. Therefore, the government did not intentionally misrepresent its case, as alleged by Movant. Further, trial counsel zealously cross-examined Bantz and fully responded to the government's arguments regarding inconsistencies in Bantz's testimony as well as the destroyed evidence. Trial counsel's performance was not deficient. Movant's Ground Two is without merit.

3. <u>Failure to challenge testimony</u> (Ground Three). Movant contends that trial counsel should have requested a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), which provides that the Fourth and Fourteenth Amendments require a hearing if a substantial preliminary showing is made that a false statement necessary to the finding of probable cause was knowingly and intentionally made in an arrest warrant. <u>Franks</u> has no application to Movant's arrest and subsequent prosecution. Moreover, as set out in detail hereinabove, Bantz's testimony was thoroughly challenged by trial counsel. Movant also asserts trial counsel was ineffective for advising Movant to enter into a plea agreement rather than challenging Bantz on the purported contrary reasons for initiating a traffic stop. As discussed regarding Ground One, Bantz did not advance two different reasons for stopping Movant. Rather, he both recorded in the incident report and testified that he observed Movant illegally travel through a red light. The court finds that trial counsel provided competent professional assistance with respect to his challenges to Bantz's testimony. Movant's Ground Three is without merit.

4. <u>Involuntary guilty plea</u> (Ground Four). Movant contends that second counsel was ineffective because he failed to investigate and discover the errors complained of, i.e., Bantz's allegedly inconsistent and false testimony that, according to Movant, mandated that the court hold a <u>Franks</u> hearing. For the reasons stated, the court concludes that second counsel's acts were based on reasonable professional judgment. Consequently, second counsel was not ineffective for failing to raise meritless arguments.

B.    <u>Supplement to Motion under § 2255</u> (ECF No. 159)

1.    <u>Failure to object to dismissal of Count 2 without prejudice</u>. Federal Rule of Criminal Procedure 48(a) requires a prosecutor to obtain leave of court to terminate a prosecution by

13

dismissal of an indictment. "'The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.'" United States v. Decator, 112 F.3d 511, *3 (4th Cir. 1997)(unpublished)(quoting Rinaldi v. United States, 434 U.S. 22, 29 n. 15 (1977)). Although the prosecution must obtain leave of court, the district court has limited discretion in considering the Government's motion to dismiss. Id. Rather,

> the disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted. . . . As a result, unless the prosecutor's motivation was contrary to the public interest, e.g.,"the prosecutor's acceptance of a bribe, personal dislike of the victim, [or] dissatisfaction with the jury impaneled," . . . the district court must grant the motion to dismiss.

Id. (quoting United States v. Smith, 55 F.3d 157, 159 (4th Cir. 1995)).

Movant has presented no factual support to compel a finding that the court should not have granted the motion to dismiss without prejudice, as requested by the government. It is axiomatic that failure to raise a meritless claim cannot serve as a ground for ineffective assistance of counsel. See Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). Movant's claim is without merit.

    2.    <u>Failure to object to superseding indictment</u>. Movant contends that the government vindictively obtained a superseding indictment to gain a tactical advantage over Movant in order to induce him to plead guilty. Movant contends the evidence was available to the government since the night of his arrest on March 12, 2008.

Where a change in the indictment is prompted by newly discovered evidence supporting the imposition of additional counts, a presumption of vindictiveness is not warranted. United States v. Santana, 352 F. App'x 867, 870 (4th Cir. 2009) (quoting United States v. Fiel, 35 F.3d 997, 1007 (4th

Cir. 1994)). In this case, the conduct giving rise to Count 3 did not occur until June 2, 2011, after the first indictment was filed. Trial counsel's performance was not deficient in failing to object to the superseding indictment. Movant's claim is without merit.

    3.    <u>Failure to request court to render an opinion on motion to suppress</u>. It is well settled that a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) (citing <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)). In this case, the court agreed at the December 22, 2011 hearing to reserve a ruling pending the provision of further evidence regarding the source of Movant's incorrect address. Approximately one month later, on January 27, 2012, the government moved to dismiss Count 2. Once the motion was granted, the court had no power to issue an order ruling on the merits of Movant's motion to suppress. Trial counsel was not ineffective for failing to request the court to issue an order on the motion to suppress. Movant's claim is without merit.

### III. <u>CONCLUSION</u>

For the reasons stated, the government's motion for summary judgment (ECF No. 150) is **granted**, and Movant's § 2255 motion is **denied and dismissed, with prejudice**.

### IV. <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                       /s/ Margaret B. Seymour
                                       Senior United States District Judge

Columbia, South Carolina

March 27, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**